FILED

12 JUL 19 PM 4: 23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE SORIANO CUEVAS,<br><br>                            Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                            Respondent. | CASE NOS. 11-CV-2776 BEN<br>                  03-CR-2739 BEN<br><br>**ORDER DENYING<br>28 U.S.C. § 2255 MOTION** |

      Petitioner Rene Soriano Cuevas, a federal prisoner proceeding *pro se*, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Because the motion is untimely, and the limitations period is not equitably tolled, the Court **DENIES** the motion.

## BACKGROUND

      Petitioner was arrested on September 4, 2003, as the driver and sole occupant of a vehicle attempting to enter the United States through the San Ysidro Port of Entry. (Case No. 03-CR-2739, Docket No. 1, at 2.) The vehicle was found to contain 13.35 kilograms of cocaine. (*Id.*) As part of a plea agreement, Petitioner pleaded guilty to the charge of importation of cocaine in violation of 21 U.S.C. §§ 952 and 960. (*Id.*, Docket No. 91, at 2.) On March 26, 2007, Petitioner was sentenced to 151 months in prison to be followed by five years of supervised release. (*Id.*, Docket No. 125, at 2.) As a condition of the plea agreement, Petitioner waived his right to appeal or collaterally attack his sentence. (*Id.*, Docket No. 91, at 7.) On June 11, 2007, this Court held a status conference. Petitioner raised the question of whether his federal sentence would run concurrently with a previously imposed

state sentence. (*Id.*, Docket No. 147-3, at 7.) This Court did not order Petitioner's sentences to run concurrently. (*Id.* at 10.) This motion followed.

## DISCUSSION

Petitioner's motion makes four claims: (1) ineffective assistance of counsel based upon his counsel's failure to file an appeal of his sentence; (2) ineffective assistance of counsel for his counsel's failure to draft Petitioner's plea agreement to include a provision that his federal sentence run concurrently with his pre-existing state sentence; (3) breach of contract by the Government for objecting to and/or not recommending that his federal sentence run concurrently with his pre-existing state sentence; and (4) error by this Court for failing to continue his status hearing to determine whether it could grant him credit for time served since his arrest.

Respondent argues that the § 2255 motion is time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") instituted a one-year period of limitation for both state and federal prisoners to collaterally attack their sentences. Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In his motion, Petitioner does not allege any facts that compel consideration under subsections (2)-(4). Therefore, the period of limitation is analyzed under subsection (1). The one-year period of limitation under § 2255 commenced when Petitioner's judgment of conviction became final.

Here, the period of limitation for Petitioner's § 2255 motion began to run upon the expiration of the time during which he could have sought review by direct appeal. This Court entered judgment on April 3, 2007. (Case No. 03-CR-2739, Docket No. 125.) Petitioner had ten days to file a timely notice of appeal. *See* FED. R. APP. P. 4(b)(1)(A). Petitioner did not file a direct appeal, so judgment became final on April 13, 2007, and the one-year statute of limitations began to run. Petitioner filed

1  his § 2255 motion on November 28, 2011, approximately 55 months after judgment was final. Even
2  if the statute of limitations began to run on June 11, 2007, the date of Petitioner's status conference,
3  the motion would have been brought approximately 53 months after the limitations deadline.
4  Petitioner's motion is, therefore, untimely.

5        There is no justification that exempts this motion from the one-year period of limitation under
6  § 2255. "The statute of limitations contained in § 2255 is subject to equitable tolling." *United States*
7  *v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). However, equitable tolling is justified in few cases.
8  "Indeed, the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the
9  exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal
10 quotation marks omitted). Petitioner "bears the burden of showing that this extraordinary exclusion
11 should apply to him." *Id.* The period of limitations may be equitably tolled when the petitioner shows:
12 "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood
13 in his way [of timely filing]." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

14       Here, Petitioner does not allege that there was any extraordinary circumstance beyond his
15 control that made it impossible to file a petition and that this circumstance was the cause of his
16 untimeliness. In addition, Petitioner did not practice reasonable diligence in pursuing his rights and
17 filing a timely § 2255 motion. "The diligence required for equitable tolling purposes is reasonable
18 diligence." *Holland v. Florida*, 130 S. Ct. 2549, 2565 (2010) (internal quotation marks omitted). The
19 only evidence submitted shows that Petitioner sent two letters to his counsel since his conviction.
20 These short letters requested counsel to file an appeal. (Case No. 11-CV-2776, Docket No. 1, at 14-
21 15.) In addition, Petitioner waited approximately 55 months after his last letter to file his own *pro se*
22 motion with this Court. Sending two letters during the one-year limitation period, plus waiting an
23 additional 55 months to file this motion after the last letter, does not establish the requisite diligence.
24 *Cf. Holland*, 130 S. Ct. at 2565 (finding reasonable diligence where the petitioner sent his counsel
25 numerous letters to seek crucial information and to provide direction; and repeatedly contacted the
26 state courts, their clerks and the Bar Association to have negligent counsel removed from his case).
27 The period of limitation may be equitably tolled only when the Petitioner is able to satisfy both
28 elements. *Pace*, 544 U.S. at 418. Petitioner is unable to fulfill either element. Therefore, he is not

1  entitled to equitable tolling.

2  Petitioner's § 2255 motion is untimely because it was filed outside the applicable one-year
3  limitation period and is not eligible for equitable tolling. Because this issue is dispositive, the parties'
4  remaining arguments will not be addressed.

5  The Court **DENIES** a certificate of appealability because the issues are not debatable among
6  jurists of reason and there are no questions adequate to deserve encouragement.

## CONCLUSION

Petitioner's motion is **DENIED**. The Clerk shall close case number 11-CV-2776 BEN.

**IT IS SO ORDERED.**

DATED: July 19, 2012

HON. ROGER T. BENITEZ
United States District Court Judge